[L. A. No. 2280. Department Two.—September 15, 1909.]

# H. P. LANE, Appellant, v. ALBERT C. WILLIAMS et al., Respondents.

CONTRACT OF COPARTNERSHIP—ACTION FOR BREACH OF—REPRESENTA-
TION OF PARTNER.—Any breach of a contract of copartnership
creates a cause of action in favor of the copartner who is injured,
and not in favor of one whom such partner may have employed as a
representative in the business.

ID.—PLEADING—FALSE REPRESENTATIONS—BILL OF SALE TO DAUGHTER
OF PLAINTIFF.—A complaint, which alleges in effect that the plain-
tiff, through the false representations of the defendants, was in-
duced to and did purchase a half interest in a dairy for the benefit
of his daughter, causing the bill of sale to be executed in her favor
and delivered to her, and which seeks damages for the amount of
the consideration so paid, fails to state a cause of action, notwith-
standing an averment that neither the daughter nor the plaintiff
received anything for the consideration, where there is no allegation
either that the daughter was not in a position to obtain a portion
of the property, that she was not satisfied with such title as she

had, nor that she was willing to surrender the bill of sale, and rescind the contract so far as she was concerned.

APPEAL from a judgment of the Superior Court of Santa Barbara County. Walter Bordwell, Judge presiding.

The facts are stated in the opinion of the court.

Ralph W. Schoonover, for Appellant.

W. S. Day, and W. C. Day, for Respondents.

MELVIN, J.—Plaintiff who is appellant here, filed complaints to which demurrers were successively interposed and sustained. To his fourth amended complaint the demurrer was sustained without leave to amend, and judgment having been entered according to that ruling, he takes this appeal from said judgment. Appellant has endeavored to plead three causes of action in his fourth amended complaint. In the statement of the first one it is alleged that defendants, who were husband and wife, conspired together to cheat and defraud plaintiff, by inducing him, through certain false representations, to purchase from them the whole of, or a half interest in a certain dairy; that some of the property used in the conduct of said dairy was not owned by Williams and his wife, and that the rest of it was mortgaged for nearly, if not quite, its full value; that in pursuance of their conspiracy the defendants communicated to a Mrs. Bense, who, in turn, conveyed information of the supposed facts to appellant, a false statement with reference to the title of defendants to the property, the net profits of the business, and other matters which are enumerated in the pleadings. It is also set forth that, at a later day, Williams and his wife affirmed to Lane the statement that Mrs. Bense had made to him, and added other false representations regarding the value of the dairy, the cattle, and other matters relating to the business, and that they concealed from plaintiff the fact that some of the personalty used in the business was not theirs, and suppressed all information relating to the existing mortgage on the property. It is further averred that, relying on the representations made by Williams and his wife, on March 17, 1904, Lane purchased from them an undivided one-half interest in said dairy for sixty-five hundred dollars, with intent to

give said interest to his daughter, Mrs. Addie L. Allen; that he did give her the property so purchased, causing the bill of sale to be executed in her favor and delivered to her; and that respondents then and there received for said half interest in the business four thousand dollars in cash, paid by Lane out of his own funds, and a promissory note for twenty-five hundred dollars, payable to respondents in one year, with interest, which said note was executed by Mrs. Allen and secured by a chattel mortgage upon said interest in the property. It is further averred that neither Lane nor his daughter ever received anything from defendants for the four thousand dollars paid as aforesaid; and judgment for damages in that sum is demanded.

In his second cause of action appellant sets up the matters of fraud charged in the first one, and further alleges that his daughter, Mrs. Allen, and A. C. Williams formed a copartnership, and that he was employed by Mrs. Allen to manage her interest in the firm, but was prevented from so doing by the defendants, who neither delivered the propery to Lane, or to his daughter, nor permitted them, or either of them, to participate in the management of the business. He charges that, as a consequence of the conduct of the respondents, he lost three years' time, and the result of three years' labor, and he asks for damages in the sum of three thousand dollars.

The third cause of action resembles the second, except that it is for one hundred dollars damages, alleged to be due as a result of moving plaintiff's family to Santa Barbara from Ventura, when he went to the former place to take charge of his daughter's business.

The demurrer interposed to this complaint was upon the grounds that it did not, in either of its divisions, state facts sufficient to constitute a cause of action; that the first cause of action is uncertain and unintelligible because therefrom it cannot be ascertained whether A. C. or Lilly Le Noir Williams conspired as partners, as joint owners in common, or acting from a common purpose and motive; and that the first cause of action is barred by the provisions of subdivision 1, of section 339, of the Code of Civil Procedure.

The causes of action which appellant attempted to state in his fourth amended complaint, depending upon the alleged damage occasioned by his removal from Ventura and his loss

of time, were stated in some form in the original complaint, as well as in the last one. The demurrer as to these causes of action was properly sustained. The employment of appellant was by Mrs. Allen and not by respondents. It is not pleaded that there were any contractual relations between defendants and appellant. On the contrary, although they had agreed that Mrs. Allen, in consideration, among other things, of devoting all of her time to the business, was to get a certain percentage of the profits of the copartnership, she was merely given the right to furnish her father's services at any time in lieu of her own. Appellant was not a member of the firm. Any breach of the contract of copartnership creates a cause of action in favor of the copartner who is injured—not in favor of one whom such partner may have employed as a representative.

While there is no demurrer upon the ground of misjoinder of parties plaintiff, we think that the demurrer to the main cause of action must be sustained upon the general ground that plaintiff fails to state clearly a cause of action in his favor. According to the allegations of the complaint Mrs. Allen received a bill of sale for the property. It is true that there is an allegation to the effect that neither she nor the plaintiff received anything for the four thousand dollars or for the note. Yet, while it appears that defendant did not own some of the property mentioned in the bill of sale, there is no allegation either that Mrs. Allen was not in a position to obtain a portion of the property, that she was not satisfied with such title as she had, or that she was willing to surrender the bill of sale and rescind the contract so far as she was concerned. In other words, it is not clear just what plaintiff's interest in the matter may be, he having formally parted with all apparent interest in favor of his daughter. He should affirmatively show such cause of action in his behalf as would prevent a subsequent judgment in her favor for the same money. We are therefore of the opinion that the demurrer to this cause of action was properly sustained. This conclusion relieves us of the necessity of determining whether or not the action was barred by the provisions of subdivision 1 of section 339 of the Code of Civil Procedure.

Judgment affirmed.

Henshaw, J., and Lorigan, J., concurred.